UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THEODORE ROBERT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-CV-274-JD-JEM |
| | ) | |
| CITY OF SOUTH BEND INDIANA, *et al.,* | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion For Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement as to All Remaining Claims [DE 17], filed by Defendants on March 31, 2014. Plaintiff filed a response on May 1, 2014, and on May 12, 2014, Defendants filed a reply.

On June 10, 2014, Judge Jon E. DeGuilio entered an Order [DE 23] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant the Motion to Dismiss and deny the Motion for More Definite Statement.

**PROCEDURAL BACKGROUND**

Plaintiff filed his Amended Complaint on December 4, 2013, alleging racial discrimination in his place of employment as a police officer for the City of South Bend. After a stay to allow time for the parties to attempt mediation, Defendants filed the instant motion requesting that the Court

1

dismiss a number of the claims against them and order Plaintiff to file a more definite statement clarifying the remaining claims.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right

2

to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion for a more definite statement, a court's inquiry is guided by the federal pleading requirements. As described above, pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, "Rule 12(e) motions are generally disfavored" and should be granted "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987); *see also MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010); *Guess?, Inc. v. Chang*, 912 F. Supp. 372, 381 (N.D. Ill. 1995).

3

**ANALYSIS**

In the instant Motion, Defendants move to dismiss a number of claims and parties. Defendants argue that Count I is time-barred, that Plaintiff failed to state a claim for hostile work environment, and that the defendants sued in their individual capacities should be dismissed. Defendants also request that the Court order Plaintiff to file a more definite statement to clarify his claims. The Court will examine each of Defendants' arguments in turn.

**I. Motion to Dismiss**

    A. <u>Individual Defendants</u>

Defendants argue that many of the parties named as individual defendants should be dismissed, laying forth several reasons that the claims against them fail under numerous theories of recovery. Plaintiff states that the individual defendants were included inadvertently and agrees that they do not belong in the case. Accordingly, the Court recommends that all individual defendants and all claims against the individual defendants be dismissed.

    B. <u>Statute of Limitations</u>

Defendants argue that Plaintiff's claims described in Count I for denial of Plaintiff's applications to school resource officer ("SRO") positions are barred by the statute of limitations. Plaintiff alleges that he applied for open SRO positions three times, but was never given the position, despite his certification and past experience as a SRO. The first denial occurred in January 2010 and the second in March 2011, both more than two years before the instant suit was filed in August 2013. His third application and subsequent failure to receive the position occurred in November 2011. Defendants argue that the two-year statute of limitations laid out in Indiana Code § 34-11-2-4 bars Plaintiff's claims for failure to obtain the position. *See Campbell v. Chappelow*,

95 F.3d 576, 580 (7th Cir. 1996) ("[A] § 1983 action against an Indiana public official is controlled by Indiana's two-year statute of limitations for personal injury actions.").

Plaintiff does not dispute that the two year statute of limitations applies to his claims, but argues that they fall under a theory of "continuing violation," an exception to the typical rule that a Title VII time limit is triggered "when the employee knew or should have known that he or she was discriminated against" that "is applied in cases, usually involving hiring or promotion practices, where the employer's decision-making process takes place over a period of time, making it difficult to pinpoint the exact day the 'violation' occurred." *Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 120 (7th Cir. 1982). Defendants argue that the continuing violation theory does not apply because each of the SRO decisions were made and communicated at a particular time, the first two of which were outside of the statute of limitations. Plaintiff appears to be arguing that because the third denial occurred within the statute of limitations, he can also bring charges relating to the earlier denials.

Despite Plaintiff's contentions, "the continuing violation concept is reserved for theories of liability that depend on the cumulative impact of numerous individual acts, none of which is necessarily actionable in itself." *Reese v. Ice Cream Specialties, Inc.*, 347 F.3d 1007, 1012 (7th Cir. Ind. 2003). It does not apply to cases where a plaintiff "points to specific dates and instances where he felt discriminated against." *Tinner v. United Ins. Co. of Am.*, 308 F.3d 697, 707 (7th Cir. 2002). In particular, "'failure to promote' [is] a discrete incident of discrimination to which the continuing violation doctrine does not apply." *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 936 (S.D. Ind. 2010) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Reese*, 347 F.3d at 1012).

5

In this case, each time Plaintiff failed to obtain the SRO positions constituted a discrete incident, and Plaintiff has not pled that the date of the denials were indefinite or unknowable at the time. Accordingly, the continuing violation doctrine does not apply and the claims arising out of his failure to receive the SRO positions to which he applied in January 2010 and March 2011 are barred by the applicable two-year statute of limitations. The Court recommends that these claims, which make up Count I of Plaintiff's Complaint, be dismissed.

C.     Racial Harassment

Defendants argue that Plaintiff's claims for racial harassment should be dismissed, whether brought pursuant to Title VII or the Equal Protection Clause. They argue that the Amended Complaint fails to lay out an actionable harassment claim under the Equal Protection Clause because it contains no allegation that any actor had an intent to harass Plaintiff based on Plaintiff's race. They also argue that the facts as pled cannot support a claim for a hostile work environment. Plaintiff does not address Defendants' arguments in much detail but merely states that intent should not be an issue for a motion to dismiss and that the Amended Complaint sufficiently sets forth a claim for employment discrimination.

A plaintiff must allege intentional discrimination to maintain a claim of discrimination under § 1981 or § 1983. *Bond v. Atkinson*, 728 F.3d 690, 692-93 (7th Cir. 2013) ("To obtain relief [in a suit brought under § 1983], a plaintiff must show intentional discrimination."); *Mescall v. Burrus*, 603 F.2d 1266, 1271 (7th Cir. 1979) ("[P]laintiffs' failure to allege purposeful discrimination justified dismissal of Counts" based on 42 U.S.C. §§ 1981 and 1983.); *Nila v. City of Aurora*, No. 89 C 4183, 1990 WL 16256, at *5 (N.D. Ill. Feb. 15, 1990) ("[T]he Seventh Circuit has also held that the failure to allege intentional discrimination in a § 1983 and § 1981 case constituted a basis

6

for granting a motion to dismiss.") (citing *Mescall*, 603 F.2d at 1271; *Am. Nurses' Ass'n v. State of Illinois*, 783 F.2d 716, 722 (7th Cir.1986)). Plaintiff has failed to allege any intentional discrimination, so cannot maintain claims under §1981 or §1983 for racial harassment in violation of the Equal Protection Clause. The Court therefore recommends that these claims be dismissed.

To succeed on a hostile work environment claim, a plaintiff must demonstrate "four elements: (1) the work environment must have been both subjectively and objectively offensive; (2) his race must have been the cause of the harassment; (3) the conduct must have been severe or pervasive; and (4) there must have been a basis for employer liability." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 390 (7th Cir. 2010) (citing *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 912 (7th Cir. 2010); *see also Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005); *McKenzie v. Milwaukee County*, 381 F.3d 619, 624 (7th Cir. 2004) ("To establish a claim of hostile work environment, [a plaintiff] must show that []he was subjected to harassment so severe or pervasive that it altered the conditions of h[is] employment" and " demonstrate that her workplace was both subjectively and objectively hostile.") (citations omitted). The Supreme Court has emphasized that "in order to be actionable under the statute, a[n] . . . objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so," and therefore "directed courts to determine whether an environment is sufficiently hostile or abusive by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). To that end,

7

"simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* at 788 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 82 (1998)) (quotation marks omitted). Instead, "conduct must be extreme to amount to a change in the terms and conditions of employment." *Id.* Furthermore, "[h]ostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct," and, "in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 115.

The Amended Complaint lists several factual allegations that apparently form the basis for Plaintiff's hostile work environment claim: the opening of a formal internal affairs investigation of Plaintiff that did not result in any charges being brought against him, ¶¶ 29-38; other individuals being appointed to the SRO positions to which Plaintiff applied, ¶¶ 40-46; Plaintiff's assignment to desk duty instead of patrol duty, ¶¶ 48-49, 58-63, 85, 89; and Plaintiff being asked to undergo a psychological evaluation and a polygraph examination, ¶¶ 65-66, 80, 91, 98. Plaintiff does not describe any racially offensive utterance, let alone any physical threats or humiliations based on his race. Even viewing all facts in the Amended Complaint as true, Plaintiff has not presented any indication of an environment with such severe and pervasive discriminatory conduct that it could objectively be considered racially offensive. *See Robinson v. Lake Minnehaha Owner's Ass'n,* No. 2:12-CV-108-TLS, 2012 WL 6197150, at *4 (N.D. Ind. Dec. 12, 2012) (dismissing hostile work environment claim where "the same facts . . . asserted in support of [plaintiff's] discrimination claim" were relied on "as the support for his hostile work environment claim," because those facts only "suggest that [the plaintiff] was discriminated against on the basis of his race when the Defendant applied disparate terms and conditions of employment"). Although at least some of the

events described in the Complaint might form instances of employment discrimination, they are not sufficient to allege a hostile work environment and therefore the Court will recommend that Plaintiff's claims of hostile work environment be dismissed.

## II.     More Definite Statement

In their opening brief, Defendants request that the Court require Plaintiff to submit a more definite statement to provide clarification on his remaining claims, mentioning the need to put a defendant on notice of which claims apply to which parties. They do not reiterate their request in their reply brief. Plaintiff argues that his allegations are not unintelligible because they all "can be answered as follows: 1. Deny. 2. Unable to admit or deny. 3. Lack Sufficient information to admit or deny. 4. Admit."

To survive a motion for a more definite statement, Plaintiff's complaint need only "meet[] the notice pleading standards set forth in Rule 8 by notifying the opposing party of the nature of the claim so that they are able to respond." *Rosenbaum v. Seybold*, No. 1:06-CV-352, 2007 WL 1959241, at *1, 2007 U.S. Dist. LEXIS 48021, at *6 (N.D. Ind. July 2, 2007) (quotations omitted). The Complaint does not include claims of fraud or mistake that require a higher standard of pleading. *See id.* 2007 WL 1959241, at *2, 2007 U.S. Dist. LEXIS 48021, at *7; *see also* Fed. R. Civ. P. 8(a), 9(b); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Although the Court does not disagree that Plaintiff's Complaint is long and the legal claims are not clearly articulated, for the most part the numbered paragraphs contain specific factual assertions regarding events that occurred, allegations that are sufficient for Defendants to reasonably prepare a response. To the extent that the Amended Complaint fails to put Defendants on notice of

9

which claims apply to what parties, the Court is recommending that all the individual defendants be dismissed, leaving only the City of South Bend as a party defendant. Accordingly, Defendant South Bend should be able to prepare a response to the factual allegations that underlie the remaining claims in the Amended Complaint. The pleading is not "so unintelligible that the movant cannot draft a response" and therefore a more definite statement under Rule 12(e) is inappropriate. *Guess?*, 912 F. Supp. at 381.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT in part and DENY in part** the Motion For Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement as to All Remaining Claims [DE 17], as described above.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 5th day of September, 2014.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record