UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THEODORE ROBERT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 2:13-CV-274 JD |
| CITY OF SOUTH BEND, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Theodore Robert, an African-American police officer employed by the City of South Bend, sued the City, the mayor, and several other City employees, claiming he had been discriminated against on the basis of his race. He makes a series of such claims in his currently operative Amended Complaint [DE 10], several of which are discussed below as relevant.

Defendants filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement as to All Remaining Claims. [DE 17.] Defendants asked for Count I to be dismissed as time-barred; certain individual defendants to be dismissed from plaintiff's Title VII, Equal Protection, and First Amendment retaliation claims because they were not proper defendants; and for the racial harassment claims to be dismissed because they failed to state a viable claim for relief. Defendants also sought a more definite statement on the remaining claims under Rule 12(e), arguing that the remaining allegations were overly vague and ambiguous. Mr. Robert responded in opposition and the defendants replied in support. [DE 19, 20.]

The Court referred the motion to the Magistrate Judge for a Report and Recommendation, and on September 5, 2014, Magistrate Judge Martin filed a Report and Recommendation in

which he recommends that the Court: (1) dismiss the individual defendants; (2) dismiss Count I as time barred; (3) dismiss all claims based on a hostile work environment; and (4) deny the request for a more definite statement on the remaining claims. [DE 24.]

Mr. Robert filed a partial objection to the report and recommendation. [DE 27.] He objects only to the recommendations that Count I and the hostile work environment claims be dismissed. [*Id.*] The defendants have responded in opposition. [DE 28.] Mr. Robert did not file a reply and the time to do so has passed.

For the following reasons, the Court **ADOPTS** the Report and Recommendation, after either a de novo or clear error review depending on the claim at issue. The Motion for Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement as to All Remaining Claims [DE 17] is therefore **GRANTED IN PART** and **DENIED IN PART**, as more fully detailed below.

## I. Standard of Review

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

2

Rule 12(b)(6) authorizes dismissal of a complaint when it fails to set forth a claim upon which relief can be granted. Generally speaking, when considering a Rule 12(b)(6) motion to dismiss, courts must inquire whether the complaint satisfies the "notice-pleading" standard. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012). The notice-pleading standard requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide "fair notice" of the claim and its basis. *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In determining the sufficiency of a claim, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010) (citation omitted).

The Supreme Court has adopted a two-pronged approach when considering a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Twombly*). First, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Id*. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, if there are well-pleaded factual allegations, courts should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (citing *Iqbal* and *Twombly*). The

complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Maddox*, 655 F.3d at 718 (citations omitted). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp.*, 665 F.3d at 935 (quoting *Twombly*, 550 U.S. at 556). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough fact to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense," *see Iqbal*, 556 U.S. at 679 (citation omitted), and the Court will assess Mr. Robert's claims accordingly.

## II. Discussion

The Court now turns to the Magistrate Judge's Report and Recommendation, beginning with those portions to which Mr. Robert has objected.

### A. Mr. Robert's Claims for Refusal to Hire in Count I are Time Barred

In Count I, Mr. Robert claims that he twice applied for but did not receive a position as a School Resource Officer. The first alleged refusal to hire occurred in January 2010 and the second in March 2011.[1] Magistrate Judge Martin recommends dismissing the claims as time-barred since both instances occurred more than two years before Mr. Robert filed his complaint. In reaching that recommendation, the Magistrate Judge rejected Mr. Robert's argument that the

---

[1] There is an additional alleged failure to hire Mr. Robert as a School Resource Officer which occurred in November 2011. That allegation is not at issue in the motion to dismiss; it is identified in Count III and the defendants concede it was brought within the applicable statute of limitations.

failures to hire constitute a "continuing violation," that continued into the period within two years of the complaint.

After engaging in a de novo review, the Court agrees with the recommendation to dismiss Count I. Mr. Robert brings the claims at issue under 42 U.S.C. § 1983. The statute of limitations governing the claim is two years. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996) ("a § 1983 action against an Indiana public official is controlled by Indiana's two-year statute of limitations for personal injury actions."). Mr. Robert filed his complaint in August 2013 and there is no factual question that this was more than two years after each of the failures to hire identified in Count I.

In his objection to the Report and Recommendation, Mr. Robert seems to renew his argument that the continuing violation doctrine excuses the fact that the two failures to hire identified in Count I occurred before August 2011. [DE 27 at 1–2.] However, as noted by Mr. Robert in his brief objection, that doctrine "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," but may permit "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period . . . for the purpose of assessing liability, so long as an act contributing to the hostile work environment takes place within the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). Additionally, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate, actionable 'unlawful employment practice.'" *Id.* at 113.

The continuing violation doctrine does not save the claims asserted in Count I. It is clear from the allegations in the Amended Complaint that both failures to hire were discrete acts that

occurred at an easily identifiable time, more than two years before the suit was brought. Mr. Robert's argument is somewhat unclear and it may be that he is arguing that the first two denials can be offered as evidence in support of a separate claim. *See Jackson v. City of Chi.*, 552 F.3d 619, 624 (7th Cir. 2009) ("in certain situations, untimely actions can be used as 'background evidence' to support a claim"). To the extent he raises such an argument, that question is not before the Court on the motion to dismiss; rather, the decision here is limited to whether those allegations support a free-standing claim for recovery. Because they are barred by the statute of limitations, they do not. *See Hildebrandt v. Ill. Dept. of Natural Resources*, 347 F.3d 1014, 1028 (7th Cir. 2003) (holding plaintiff may only recover for discrete discriminatory acts within the statute of limitations period).

The Court finds after a de novo review that the claims are barred by the statute of limitations and independently concurs with the recommendation to dismiss those claims. Because the statute of limitations question is fully dispositive of the claims in Count I and is not capable of being cured with amended factual allegations, the Court will dismiss the claims with prejudice.

### B. Mr. Robert Has Not Pled a Viable Claim for a Hostile Work Environment

Next, the Court considers Magistrate Judge Martin's recommendation to dismiss Mr. Robert's claims of a hostile work environment. In making that recommendation, the Magistrate Judge concluded that the discrete acts of alleged discrimination—while potentially independent actionable claims—were insufficiently severe and pervasive to support a claim for a hostile work environment. [DE 24 at 8–9 ("Even viewing all facts in the Amended Complaint as true, Plaintiff has not presented any indication of an environment with such severe and pervasive discriminatory conduct that it could objectively be considered racially offensive"; "Although at

occurred at an easily identifiable time, more than two years before the suit was brought. Mr. Robert's argument is somewhat unclear and it may be that he is arguing that the first two denials can be offered as evidence in support of a separate claim. *See Jackson v. City of Chi.*, 552 F.3d 619, 624 (7th Cir. 2009) ("in certain situations, untimely actions can be used as 'background evidence' to support a claim"). To the extent he raises such an argument, that question is not before the Court on the motion to dismiss; rather, the decision here is limited to whether those allegations support a free-standing claim for recovery. Because they are barred by the statute of limitations, they do not. *See Hildebrandt v. Ill. Dept. of Natural Resources*, 347 F.3d 1014, 1028 (7th Cir. 2003) (holding plaintiff may only recover for discrete discriminatory acts within the statute of limitations period).

The Court finds after a de novo review that the claims are barred by the statute of limitations and independently concurs with the recommendation to dismiss those claims. Because the statute of limitations question is fully dispositive of the claims in Count I and is not capable of being cured with amended factual allegations, the Court will dismiss the claims with prejudice.

### B. Mr. Robert Has Not Pled a Viable Claim for a Hostile Work Environment

Next, the Court considers Magistrate Judge Martin's recommendation to dismiss Mr. Robert's claims of a hostile work environment. In making that recommendation, the Magistrate Judge concluded that the discrete acts of alleged discrimination—while potentially independent actionable claims—were insufficiently severe and pervasive to support a claim for a hostile work environment. [DE 24 at 8–9 ("Even viewing all facts in the Amended Complaint as true, Plaintiff has not presented any indication of an environment with such severe and pervasive discriminatory conduct that it could objectively be considered racially offensive"; "Although at

least some of the events described in the Complaint might form instances of employment discrimination, they are not sufficient to allege a hostile work environment").]

Mr. Robert objects to this recommendation. He argues that he has alleged numerous instances of intentional discrimination and also that he can bring his argument as a "class of one" under the equal protection clause. [DE 27 at 2–3.]

With respect to the sufficiency of his allegations of a hostile work environment, the Court finds that Mr. Robert's allegations of intentional discrimination are insufficient to state a claim for a hostile work environment, either under Title VII or the Equal Protection Clause. There is a distinction between claims for discrete claims of racial discrimination and claims for racial harassment. *Morgan*, 536 U.S. at 115 ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct."). In order to prove the latter claim, Mr. Robert must prove the following elements: "(1) the work environment must have been both subjectively and objectively offensive; (2) his race must have been the cause of the harassment; (3) the conduct must have been severe or pervasive; and (4) there must have been a basis for employer liability." *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 390 (7th Cir. 2010).

Here, Mr. Robert has alleged four types of discrete acts: the failure to be hired as a school resource officer, the opening of an internal affairs investigation, being temporarily reassigned to desk duty, and being asked to undergo a psychological examination and polygraph examination. Notably, he does not allege any racially offensive language or humiliation based on race. The Court, after a de novo review, agrees with the Magistrate Judge that Mr. Robert's current allegations are insufficient to state a claim for a hostile work environment. *See Robinson v. Lake Minnehaha Owner's Ass'n*, No. 2:12-CV-108-TLS, 2012 WL 6197150, at *4 (N.D. Ind. Dec. 12, 2012) ("The assertions in the Complaint do not suggest that the Plaintiff's work environment

included discriminatory intimidation, ridicule, or insult that was so severe and pervasive that it altered the conditions of his employment. Rather, they suggest that he was discriminated against on the basis of his race when the Defendant applied disparate terms and conditions of employment with respect to the assignment of work hours."). Quite simply, even accepting Mr. Robert's claims as true, he has not alleged that his workplace was the sort that a reasonable person would find objectively offensive. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 546 (7th Cir. 2011) ("We do not focus on discrete acts of individual employees when evaluating a hostile work environment claim, but must consider the entire context of the workplace."); *Patton v. Indianapolis Pub. Sch. Bd.*, 276 F.3d 334, 339 (7th Cir. 2002) (allegations that plaintiff was treated rudely and subjected to "stern and severe criticism" fell "far short of creating an actionable hostile work environment.").

With respect to the "class of one" argument, the defendants correctly note that the doctrine is not applicable in cases of public employment. *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 601 (2008) ("But recognition of a class-of-one theory of equal protection in the public employment context—that is, a claim that the State treated an employee differently from others for a bad reason, or no reason at all—is simply contrary to the concept of at-will employment. The Constitution does not require repudiating that familiar doctrine.").

The Court finds after a de novo review that the allegations in Mr. Robert's Amended Complaint are insufficient to state a plausible claim of a hostile work environment and independently concurs with the recommendation to dismiss those claims. Because the dismissal is based on the inadequacy of the factual allegations contained in the Amended Complaint, the Court will dismiss the claim without prejudice.

### C. The Court Finds No Clear Error in Those Portions of the Report and Recommendation to Which Neither Party Objected

The Court has reviewed those portions of the Report and Recommendation to which neither party has objected and finds no clear error. Specifically, in light of Mr. Robert's admission that the individual defendants were "inadvertently included" in the Amended Complaint, the Court finds no clear error in the recommendation to dismiss all claims against each of the individual defendants. The Magistrate Judge did not recommend whether that dismissal should be with or without prejudice, but because it appears that some of the claims against the individual defendants could be potentially cured through amendments to the pleadings, the Court will dismiss the claims without prejudice.

With respect to the request for a more definite statement, the Court also finds no clear error. The Court agrees with the Magistrate Judge that, at times, Mr. Robert's "legal claims are not clearly articulated." [DE 24 at 9.] However, the removal of the individual defendants does resolve many of the City's complaints about the ambiguities of the Amended Complaint. That portion of the Report and Recommendation is therefore adopted.

### III. Conclusion

For the reasons stated above, the Court **OVERRULES** Mr. Robert's objections to the Report and Recommendation [DE 27] and **ADOPTS** the Report and Recommendation [DE 24] in its entirety. Accordingly, the Motion for Partial Dismissal of Plaintiff's Amended Complaint and for More Definite Statement as to All Remaining Claims [DE 17] is **GRANTED IN PART** and **DENIED IN PART**. Count I is **DISMISSED WITH PREJUDICE**. Mr. Robert's claims of a hostile work environment are **DIMISSED WITHOUT PREJUDICE**. All claims against Pete

Buttigieg, Charles Hurley, Jeffrey Walters, Lee Ross, Andrea Beachkofsky, Robert Yeary, Catherine Toppel, and Janine Hall are **DISMISSED WITHOUT PREJUDICE**.

Mr. Robert is granted leave to file a Second Amended Complaint, consistent with this opinion and the Report and Recommendation, within 30 days of the date of the opinion.

SO ORDERED.

ENTERED:  February 5, 2015

      /s/ JON E. DEGUILIO
Judge
United States District Court