# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| THEODORE ROBERT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-CV-274-JD-JEM |
| | ) | |
| CITY OF SOUTH BEND INDIANA, *et al.,* | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Consolidate [DE 39], filed by Defendants on July 16, 2015. Defendants request that this matter be consolidated with a case filed by Plaintiff against the same or similar defendants, cause number 2:15-CV-173-JTM-PRC. Plaintiff filed a response on August 4, 2015.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Consolidation is appropriate for "cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party." *Back v. Bayh*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (citing *Fleishman v. Prudential-Bache Sec.*, 103 F.R.D. 623, 624 (E.D. Wis. 1984)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "as the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008).

Defendants argue that the cases involve common issues of law and fact because both stem from Plaintiff's employment with the South Bend Police Department, are against the same or similar defendants, and assert claims of race discrimination including workplace harassment. Although Defendants are correct that discovery has not begun in either case, and that at the time the instant

Motion was filed there were pending motions to dismiss in both cases, judicial economy does support the consolidation of the cases at this time.  In the above-captioned case, Defendants have already been successful in moving to dismiss a number of Plaintiff's claims, and have now moved to dismiss all of Plaintiff's complaint with prejudice, in large part because of Plaintiff's failure to cure deficiencies as ordered.  In the later-filed case, Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief has been granted or failure to meet pleading standards.  The motions pending in the two cases have the potential to resolve or clarify the claims in each case, but on different legal bases.  Consolidating the cases at this stage would lead to confusion and would likely delay the proceedings.  However, once the question of which claims will proceed is resolved in each of the cases, if both cases remain pending and continue to involve common questions of law and fact it may be appropriate for the Court to revisit this question and consider consolidation.

Accordingly, the Court hereby **DENIES without prejudice and with leave to refile** Defendants' Motion to Consolidate [DE 39].

SO ORDERED this 22nd day of January, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record