UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THEODORE ROBERT, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF SOUTH BEND INDIANA, *et al.*, )<br>  Defendants. ) | CAUSE NO. 2:13-CV-274-JD-JEM |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss Plaintiff's Second Amended Complaint [DE 33], filed by Defendants on April 6, 2015. Plaintiff filed a response on May 12, 2015, and on May 21, 2015, Defendants filed a reply.

On October 28, 2015, Judge Jon E. DeGuilio entered an Order [DE 45] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the instant Motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). For the following reasons, the Court recommends that the District Court grant Defendants' Motion to Dismiss.

**I.    Procedural Background**

Plaintiff filed his First Amended Complaint on December 4, 2013, alleging racial discrimination at his place of employment as a police officer for the City of South Bend. Defendants filed a motion requesting that the Court dismiss the claims against them and order Plaintiff to file a more definite statement, and District Court Judge Jon E. DeGuilio referred the motion to the undersigned Magistrate Judge for a report and recommendation. On February 5, 2015, Judge DeGuilio adopted the Court's recommendation in its entirety, dismissing with prejudice Plaintiff's

time-barred claims for refusal to hire, and dismissing without prejudice Plaintiff's hostile work environment claim and all claims against the individual defendants. Judge DeGuilio ordered Plaintiff to file a Second Amended Complaint consistent with his Order and the Report and Recommendation. Plaintiff filed his Second Amended Complaint on March 6, 2015. In the instant Motion, Defendants request that the Court dismiss all of Plaintiff's claims in their entirety with prejudice pursuant to Rule 8(a) and 12(b)(6).

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

2

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

### III. Analysis

In the instant Motion, Defendants move to dismiss the entirety of Plaintiff's Second Amended Complaint with prejudice. Defendants argue that Plaintiff's Second Amended Complaint continues to include all of the claims previously dismissed by the Court and does not address any of the deficiencies identified in the First Amended Complaint. Plaintiff argues that his Second Amended Complaint complies with the Court's directions and does not warrant dismissal with prejudice.

Defendants argue that Plaintiff continues to include the time-barred failure to hire claims that were dismissed with prejudice. In response, Plaintiff argues that the facts surrounding the untimely failure to hire allegations are not intended to be claims, but are "evidence in support and background material, which strengthens his hostile work environment claim." However, Plaintiff's hostile work environment claim has also been dismissed. Claims for the alleged January 2010 and

3

March 2011 failures to hire are time barred and have been dismissed with prejudice; these claims cannot be included in this or any future complaints.

Plaintiff's Second Amended Complaint also re-alleges the hostile work environment claim that are, as Defendants argue, based on allegations the Court already deemed insufficient. This claim has already been dismissed, and Plaintiff has not been granted leave to re-allege it. Fed. R. Civ. P. 15(a)(2). Plaintiff argues that he is intending to incorporate by reference all three complaints, which together sufficiently plead a hostile work environment claim. Even if the Court construes this as a request to amend pursuant to Rule 15, his argument fails. When reviewing an amended complaint the Court relies only on the facts and allegations in the most recent complaint. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."); N.D. Ind. L.R. 15-1(b)(2) ("Amendments to a pleading . . . must not incorporate another pleading by reference."). Furthermore, Plaintiff still does not describe any racially offensive utterance, let alone any physical threats or humiliations based on his race. *See Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 390 (7th Cir. 2010) (citing *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 912 (7th Cir. 2010); *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005); *McKenzie v. Milwaukee County*, 381 F.3d 619, 624 (7th Cir. 2004). As the Court previously explained, "Plaintiff has not presented any indication of an environment with such severe and pervasive discriminatory conduct that it could objectively be considered racially offensive," and incorporating time-barred claims of failure to hire him for another position does not breathe new life into his hostile work environment claim.

Likewise, Plaintiff's claims against the individual defendants have already been dismissed,

and Plaintiff was ordered to file a Second Amended Complaint that reflected that dismissal. The fact that "Counsel for Plaintiff after reading the Opinion and Order changed his mind" about dismissing his claims against the individual defendants, Pl. Br. 2 [DE 37], is not sufficient to resurrect them. In the instant Motion, Defendants also argue the merits of their contention that Plaintiff's claims against the individual defendants fail to state a claim on which relief can be granted, but since these claims have already been dismissed the Court need not address their arguments.

To the extent that Plaintiff is attempting to resurrect the claims that were dismissed without prejudice or add new claims, he has not been granted leave to do so. Fed. R. Civ. Pro. 15(a)(2). Instead, he was ordered to file a Second Amended Complaint that did *not* include the two time-barred claims for failure to hire, the claim for hostile work environment, or the claims against the individual defendants. Rather than comply with the Order and file a streamlined document that accurately reflected his remaining claims, Plaintiff filed a Second Amended Complaint that is three pages longer than the first and, although the eight counts are squeezed into five and the paragraphs renumbered, still includes all of the individual defendants and claims that were previously dismissed. Since Plaintiff has had ample opportunity to address the shortcomings in these claims and has shown disregard for Judge DeGuilio's explicit directions regarding the contents of his Second Amended Complaint, the Court recommends that these claims now be dismissed with prejudice. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("[W]here the plaintiff has repeatedly failed to remedy the same deficiency, the district court did not abuse its discretion by dismissing the claim with prejudice.").

In addition to affirming the dismissal of the claims that have already been dismissed, Defendants also request that the entirety of Plaintiff's Second Amended Complaint be dismissed

with prejudice. Although dismissal of a number of his claims remains appropriate as described above, dismissal with prejudice of the entire case is a harsh sanction. Particularly since some of Plaintiff's claims were not initially dismissed, the Court recommends that Plaintiff be given one final attempt to comply with the directives he has been given. However, the Court recommends that, rather than allow Plaintiff to simply amend his complaint a third time, he instead be granted to leave to file a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15-1 with a description of how the proposed Third Amended Complaint complies with prior Orders and the Federal Rules. If Plaintiff fails to comply, dismissal of the entire case with prejudice may be appropriate. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC.*, 499 F.3d 663, 667 (7th Cir. 2007) (affirming the district court's decision to dismiss an amended pleading with prejudice after numerous warnings and four opportunities to correct the pleadings' shortcomings).

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **GRANT in part** the Motion For Dismissal of Plaintiff's Second Amended Complaint [DE 30] and dismiss Plaintiff's Second Amended Complaint in its entirety, reaffirming the dismissal with prejudice of the time-barred claims for failure to hire and dismissing with prejudice the hostile work environment claim and the claims against the individual defendants. The Court recommends that the District Court **DENY** Defendants' request that entire case be dismissed with prejudice and instead grant Plaintiff leave to file, within a limited time period, a motion to amend complaint that includes only those claims that have not been dismissed.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with

6

a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989).

SO ORDERED this 25th day of January, 2016.

/s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record