UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THEODORE ROBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-CV-274 JD |
| | ) |
| CITY OF SOUTH BEND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 6, 2015, Plaintiff Theodore Robert filed a Second Amended Complaint [DE 30] alleging numerous causes of action relating to his employment as a City of South Bend police officer. The Defendants responded to that complaint with a motion to dismiss [DE 33], which seeks to dismiss all of the Plaintiff's claims with prejudice. They contend that the Plaintiff's Second Amended Complaint includes some claims that this Court has already dismissed with prejudice and does not address any of the deficiencies in the Plaintiff's First Amended Complaint. The Plaintiff responds that his Second Amended Complaint complies with this Court's prior directives and should not be dismissed.

On October 28, 2015, the undersigned referred this motion to Magistrate Judge John E. Martin for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Northern District of Indiana Local Rule 72.1(c). [DE 45]. On January 25, 2016, Magistrate Judge Martin issued his Findings, Report and Recommendation [DE 47], which recommends that the Court dismiss the Plaintiff's Second Amended Complaint in its entirety. Magistrate Judge Martin further recommended that Plaintiff's hostile work environment claim, his claims against the individual defendants and his time-barred failure to

hire claims be dismissed with prejudice. [DE 47 at 6]. As of this date, no party has filed an objection to the Report and Recommendation.

The Court's review of a Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection have been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed. R. Civ. P. 72(b). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the parties were served with Magistrate Judge Martin's Report and Recommendation and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers there to be no objection to Magistrate Judge Martin's Findings, Report and

Recommendation.

Having reviewed that report and recommendation and finding no clear error therein, the Court **ADOPTS** Magistrate Judge Martin's Findings, Report and Recommendation [DE 47] in its entirety and incorporates Magistrate Judge Martin's findings and recommendations into this order. Accordingly, the Court now **GRANTS** the Defendant's motion to dismiss in part and dismisses the Plaintiff's Second Amended Complaint in its entirety. The Plaintiff's hostile work environment claim, claims against the individual defendants and time-barred failure to hire claims are **DISMISSED with prejudice**. The remainder of the Plaintiff's claims are **DISMISSED without prejudice**, though if the Plaintiff seeks to reassert them in a third amended complaint, he must seek leave to do so pursuant to Magistrate Judge Martin's directives and Rule 15(a)(2).

SO ORDERED.

ENTERED: February 12, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court