IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THEODORE ROBERT | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| V. | ) | CASE NO. 2:13-cv-274 |
| | ) | |
| | ) | |
| CITY OF SOUTH BEND INDIANA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

## I.     JURISDICTIONAL STATEMENT

Jurisdiction of this court invoked pursuant to Sections 1331 and 1343.

Venue in this action is proper in the Northern District of Indiana under 28 U.S.C. Sec. 1391 (b).

This action brought by Plaintiff Theodore Robert, under the provisions of 42 U.S.C. §§ 1983, 1988. And Title VII of the Civil Rights Act of 1964, 1991 and 42 USC Section 2000e, et seq. to redress the deprivation of rights, privileges and immunities secured by the constitution and laws of the United States, including but not limited to Fourteenth (due process) Amendment to the United States Constitution under the color of state law.  Plaintiff filed complaints with the Equal Employment Opportunity Commission (EEOC) on August 30 2012 and October 30 2012, alleging discrimination based on race and retaliation.  The U.S. Department of Justice issued Notices of Right to Sue  on May 7 2013 informing complainant that he had the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et

seq., against the City of South Bend Police Department, No. 24M201300022 and No. 24M201300292. Copies of the Notices sent to Indianapolis District Office, EEOC and South Bend Police Department.

The notices not taken to mean that the Department of Justice has made a judgment as to whether or not the claims were meritorious. The Department of Justice mailed notice of suit rights on May 8 2013 to Plaintiff.  Plaintiff filed Complaint on August 7 2013 within 90 days of receipt of the notice of suit rights.  (Ex. 1 and 2)

## II.      PLAINTIFF

1.      Theodore Robert (Robert), African-American male and at all times relevant to this Complaint a resident of St. Joseph County, IN. and employed as a police officer by the City of South Bend ("COSB").

## III.      DEFENDANT

2.      The City of South Bend Indiana, a municipal corporation, is a political subdivision of the State of Indiana but neither a state agency nor an instrumentality or arm of the State of Indiana.

3.      COSB at all times relevant to this Complaint had more than 15 employees.

## Count I

4.      Plaintiff hereby incorporates by reference the same as if fully set forth in full the allegations contained in paragraphs 1-3 inclusive, of this Complaint.

5.      Robert graduated from High School in 1992.

6.      Robert certified as Police Officer by State of Michigan in 1994.

7.      Robert graduated from Hope College, Holland, MI in 1996 B.A. with major in Political Science and minor in English Literature.

8.      In 1999, Robert graduated from Indiana University, Bloomington, Indiana with Master's Degree Public Administration (MPA) with concentration in finance and public management.

9.      In 2004, Robert earned certification as School Resource Officer (SRO) after receiving 80 hours of training by Michigan State Police.

10.     Robert served as SRO Officer while a member of the Benton Harbor Michigan Police Department.

11.     Robert certified by Indiana Law Enforcement Agency (ILEA) and employed by COSB as South Bend Police Officer in November 2006.

12.     School resource officers (SROs) are sworn law enforcement officers who are responsible for providing security and crime prevention services in local schools.

13.     SRO's work closely with administrators in an effort to create a safer environment for both students and staff. The responsibilities of SROs are similar to regular police officers in that they have the ability to make arrests, respond to calls for service, and document incidents that occur within their jurisdiction. School resource officers typically have additional duties to include mentoring and conducting presentations on youth-related issues.

14.     SBPD SRO officers are assigned to the Investigative Division of the SBPD.

15.      In November 2011, Robert assigned to the Patrol Division SBPD.

16.     In November 2011, SBPD posted notice of vacant SRO position.

17.     To apply for the position of SRO with the South Bend Police Department officers required to file Officer's Report stating qualifications, prior experience and reasons for wanting to be appointed to the position.

18.     No testing for SBPD SRO position required.

19.     A panel, including SBPD Investigative Division Chief, SRO Lieutenant and Captain of the Investigative Division were to conduct interviews of those officers who submitted Officer's Reports for the vacant position.

20.     In November 2011, Robert applied for the vacant SRO position with the SBPD and submitted Officer's Report stating qualifications, prior experience and reasons for seeking appointment to the vacant the position.

21.     In addition to Robert, several White males, one Hispanic male, and an African-American male applied for the vacant position.

22.     The several white males, Hispanic male and African-American male were not certified SRO's.

23.     The several white males, Hispanic male and African-American male were not trained SRO's.

24.     The several white males, Hispanic male and African-American male had no experience as SRO's.

25.     Robert not interviewed for the vacant SRO position.

26.     Hispanic male appointed to the vacant SRO position by City of South Bend.

27.     SBPD refused to promote Robert to fill the higher paying vacant SRO position in the Investigative Division based on his race, African-American.

28.     SBPD refused to hire Robert to fill the higher paying SRO position in the Investigative Division based on his race, African-American.

29.     City of South Bend refused to transfer Robert to fill the higher paying vacant SRO position in the Investigative Division based on his race, African-American.

30.     Robert denied equality in employment opportunity based on race.

31.     COSB by refusing to promote, transfer, hire or appoint Robert to fill vacant SRO

position, violated Title VII by engaging in intentional discrimination, based on race and

deprived him of equal protection of the laws based on reasons of a personal nature

unrelated to his duties as a COSB Police Officer.

32.     COSB by refusing to promote, transfer, hire or appoint Robert to fill vacant SRO

position, singled him out for unfavorable treatment without justification in that the SRO

position was vacant and he was the only certified candidate for the position.

**WHEREFORE**, Robert prays that this Court:

A.      award him compensatory damages in an amount to be determined at trial against

Defendant COSB for the matters alleged in this Complaint.

B.      award him reasonable costs and attorney's fees.

C.      grants such other and further relief, including injunctive relief to prevent COSB

from engaging in intentional discrimination, against its employees based on race.

Respectfully submitted,


By: s/Douglas M. Grimes
Attorney for Plaintiff

Douglas M. Grimes, #7304-45
DOUGLAS M. GRIMES PC
6941 IRONWOOD AVENUE
GARY, INDIANA 46403
(219) 939-9511

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March 2016 a true copy of the foregoing Third Amended Complaint filed electronically. Notice of this filing sent all parties of record by operation of the Court's electronic filing system. First Class U. S. Mail served all other counsel, if any.

/s/Douglas M. Grimes