IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THEODORE ROBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-274 |
| ) | |
| CITY OF SOUTH BEND, INDIANA, ) | |
| ) | |
| Defendant. ) | |

**CITY OF SOUTH BEND, INDIANA'S ANSWER TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant City of South Bend, Indiana ("Defendant"), b**y** counsel, for its Answer to the Third Amended Complaint filed by the Plaintiff Theodore Robert ("Plaintiff" or "Mr. Robert"), states as follows:

**I. JURISDICTIONAL STATEMENT**

Jurisdiction of this court invoked pursuant to Sections 1331 and 1343.

Venue in this action is proper in the Northern District of Indiana under 28 U.S.C. Sec. 1391 (b).

This action brought by Plaintiff Theodore Robert, under the provisions of 42 U.S.C. §§ 1983 and Section 1988. Title VII of the Civil Rights Act of 1964, 1991 and 42 USC Section 2000e, et seq. to redress the deprivation of rights, privileges and immunities secured by the constitution and laws of the United States, including but not limited to the Fourteenth (due process) Amendment to the United States Constitution under the color of state law. Plaintiff filed complaints with the Equal Employment Opportunity Commission (EEOC) on August 30 2012 and October 30 2012, alleging discrimination based on race and retaliation. The U.S.

Department of Justice issued Notices of Right to Sue on May 7 2013 informing complainant that he had the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the South Bend Police Department, et al., No. 24M201300022 and No. 24M201300292. Copies of the Notices sent to Indianapolis District Office, EEOC and South Bend Police Department.

The notices not taken to mean that the Department of Justice has made a judgment as to whether or not the claims were meritorious. The Department of Justice mailed notice of suit rights on May 8 2013 to Plaintiff. Plaintiff filed Complaint on August 7 2013 within 90 days of receipt of the notice of suit rights. (Ex. 1 and 2)

> **ANSWER**: Defendant admits that jurisdiction of this Court is proper as is venue in the South Bend Division. Defendant further admits Plaintiff purports to assert alleged violations of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000e, *et. seq*) and seeks recovery of attorney's fees under 42 U.S.C. § 1988. Defendant denies, however, that Plaintiff is entitled to any relief he seeks, including attorney's fees.
>
> Defendant admits that Plaintiff filed complaints with the South Bend Human Rights Commission on August 15, 2012 and October 18, 2012, the former (EEOC No. 24M-2012-00292) alleging race discrimination, and the latter (EEOC No. 24-2013-00022) alleging retaliation for filing the first. Defendant admits both indicate they were file-stamped as received by the Equal Employment Opportunity Commission (EEOC) on August 30, 2012. Defendant further admits that Plaintiff was issued Notices of Right to Sue dated May 7, 2013 as to both charges. Defendant denies that copies of the Notices are attached to the Third Amended Complaint as exhibits.
>
> Defendant is without knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding when the Notices of Right to Sue were sent or received, and whether Plaintiff's original complaint (filed-stamped August 8, 2013) was filed within 90 days of his receipt of the Notice. All other allegations in the "Jurisdictional Statement" are denied.

## II. PLAINTIFF

1. Theodore Robert (Robert), African-American male and at all times relevant to this Complaint a resident of St. Joseph County, IN. and employed as a police officer by the City of South Bend ("COSB").

**ANSWER: Defendant admits Plaintiff Robert identifies himself as an African-American male and further admits Plaintiff was employed as a police officer with the City of South Bend at the time of the events alleged in this Third Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation regarding his residence "at all times relevant to this Complaint." Defendant denies the remaining allegations in paragraph 1.**

## III. DEFENDANT

2. The City of South Bend Indiana, a municipal corporation, is a political subdivision of the State of Indiana but neither a state agency nor an instrumentality or arm of the State of Indiana.

**ANSWER: Defendant admits the allegations in paragraph 2.**

3. COSB at all times relevant to this Complaint had more than 15 employees.

**ANSWER: Defendant, the City of South Bend (COSB) admits the allegations in paragraph 3.**

## Count I

4. Plaintiff hereby incorporates by reference the same as if fully set forth in full the allegations contained in paragraphs 1-3 inclusive, of this Complaint.

**ANSWER: Defendant restates its answers to paragraphs 1 through 3.**

5. Robert graduated from High School in 1992.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.**

6. Robert certified as Police Officer by State of Michigan in 1994.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.**

7. Robert graduated from Hope College, Holland, MI in 1996 B.A. with major in Political Science and minor in English Literature.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.**

8. In 1999, Robert graduated from Indiana University, Bloomington, Indiana with Master's Degree Public Administration (MPA) with concentration in finance and public management.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.**

9. In 2004, Robert earned certification as School Resource Officer (SRO) after receiving 80 hours of training by Michigan State Police.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.**

10. Robert served as SRO Officer while a member of the Benton Harbor Michigan Police Department.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.**

11. Robert certified by Indiana Law Enforcement Agency (ILEA) and employed by COSB as South Bend Police Officer in November 2006.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his certification by the ILEA. Defendant admits that Plaintiff was hired as a South Bend Police Officer in November 2006. Defendant denies the remaining allegations in paragraph 11.**

12. School resource officers (SROs) are sworn law enforcement officers who are responsible for providing security and crime prevention services in local schools.

**ANSWER: Defendant denies that Plaintiff's description of School Resource Officers (SROs) and the responsibilities of the SROs are complete. Defendant admits that in the City of South Bend between 2006 and 2016, SROs in the City of South Bend have been required to be sworn law enforcement officers. Defendant denies the remaining allegations in paragraph 12.**

13. SRO's work closely with administrators in an effort to create a safer environment for both students and staff. The responsibilities of SROs are similar to regular police officers in that they have the ability to make arrests, respond to calls for service, and document incidents that occur within their jurisdiction. School resource officers typically have additional duties to include mentoring and conducting presentations on youth- related issues.

**ANSWER: Defendant denies that the Plaintiff's description of SRO's responsibilities outlined in paragraph 13 is entirely complete, entirely accurate, or sufficiently describes the scope of work performed by SRO's at many of the schools in the City of South Bend. Defendants admits that, generally, SROs' job responsibilities include working with administrators, making arrests, responding to calls, documenting certain events, serving as a role model to students, and conducting presentations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.**

14. SBPD SRO officers are assigned to the Investigative Division of the SBPD.

   **ANSWER: Defendant admits the allegations in paragraph 14.**

15. In November 2011, Robert assigned to the Patrol Division SBPD.

   **ANSWER: Defendant admits the allegations in paragraph 15 and clarify that Plaintiff Robert was assigned to Patrol throughout his employment.**

16. In November 2011, SBPD posted notice of vacant SRO position.

   **ANSWER: Defendant admits the allegations in paragraph 16.**

17. To apply for the position of SRO with the South Bend Police Department officers required to file Officer's Report stating qualifications, prior experience and reasons for wanting to be appointed to the position.

   **ANSWER: Defendant admits that as part of the application process for an SRO position in 2011, officers were asked to submit an Officers' Report, which included the officer's purported qualifications, experience, and reasons for making the application. Defendant denies the remaining allegations and inferences in paragraph 17.**

18. No testing for SBPD SRO position required.

   **ANSWER: Defendant admits the allegations in paragraph 18.**

19. A panel, including SBPD Investigative Division Chief, SRO Lieutenant and Captain of the Investigative Division were to conduct interviews of those officers who submitted Officer's Reports for the vacant position.

   **ANSWER: Defendant admits that it assigned the interview process to three police officers in the South Bend Police Department. Defendant denies the remaining allegations in paragraph 19.**

20. In November 2011, Robert applied for the vacant SRO position with the SBPD and submitted Officer's Report stating qualifications, prior experience and reasons for seeking appointment to the vacant the position.

> **ANSWER: Defendant admits Robert applied for the SRO vacancy in November 2011, but denies that he was qualified for the position. Defendant denies the remaining allegations in paragraph 20.**

21. In addition to Robert, several White males, one Hispanic male, and an African-American male applied for the vacant position.

> **ANSWER: Defendant admits that several individuals of different races and ethnicities applied for the SRO vacancy, including Plaintiff Robert. Defendant denies the remaining allegations in paragraph 21.**

22. The several white males, Hispanic male and African-American male were not certified SRO's.

> **ANSWER: Defendant denies that the other applicants for the SRO vacancy were not qualified for the position and denies the remaining allegations in paragraph 22.**

23. The several white males, Hispanic male and African-American male were not trained SRO's.

> **ANSWER: Defendant denies that the other applicants for the SRO vacancy were not qualified for the position and denies the remaining allegations in paragraph 23.**

24. The several white males, Hispanic male and African-American male had no experience as SRO's.

> **ANSWER: Defendant denies that the other applicants for the SRO vacancy were not qualified for the position and denies the remaining allegations in paragraph 24.**

25. Robert not interviewed for the vacant SRO position.

**ANSWER: Defendant denies the allegations in paragraph 25.**

26. Hispanic male appointed to the vacant SRO position by City of South Bend.

**ANSWER: Defendant admits the allegations in paragraph 26.**

27. SBPD refused to promote Robert to fill the higher paying vacant SRO position in the Investigative Division based on his race, African-American.

**ANSWER: Defendant denies the allegations in paragraph 27.**

28. SBPD refused to hire Robert to fill the higher paying SRO position in the Investigative Division based on his race, African-American.

**ANSWER: Defendant denies the allegations in paragraph 28.**

29. City of South Bend refused to transfer Robert to fill the higher paying vacant SRO position in the Investigative Division based on his race, African-American.

**ANSWER: Defendant denies the allegations in paragraph 29.**

30. Robert denied equality in employment opportunity based on race.

**ANSWER: Defendant denies the allegations in paragraph 30.**

31. COSB by refusing to promote, transfer, hire or appoint Robert to Fill vacant SRO position, violated Title VII by engaging in intentional discrimination, based on race and deprived him of equal protection of the laws based on reasons of a personal nature unrelated to his duties as a COSB Police Officer.

**ANSWER: Defendant denies the allegations in paragraph 31.**

32. COSB by refusing to promote, transfer, hire or appoint Robert to fill vacant SRO position, singled him out for unfavorable treatment without justification in that the SRO position was vacant and he was the only certified candidate for the position.

**ANSWER:** **Defendant denies the allegations in paragraph 32.**

## AFFIRMATIVE DEFENSES

1. Defendant's actions were taken for legitimate, non-discriminatory reasons.

2. Plaintiff's remedies are limited by after-acquired evidence.

3. Plaintiff's claims are barred because he never suffered an adverse action and never suffered a deprivation of a Constitutional right.

4. Plaintiff's claims against Defendant are barred because no custom or policy deprived Plaintiff of a Constitutional right.

5. Plaintiff's request for damages against Defendant is barred because Plaintiff's damages, if any, were not proximately caused by Defendant's alleged violation of Plaintiff's Constitutional rights.

6. Plaintiff's requests for compensatory and punitive damages are barred or limited by the Constitution of the United States of America.

7. Plaintiff's claims, in whole or in part, are barred because any alleged damages or injury were caused by Plaintiff's own actions or inactions.

8. Defendant reserves its right to assert such other and further affirmative defenses that may be determined during the course of discovery.

Dated:  April 15, 2016

Respectfully submitted,

 /s/ *Kyra E. Clark*
Jeanine M. Gozdecki
Kyra E. Clark
BARNES & THORNBURG LLP
700 1st Source Bank Center
100 North Michigan Street
South Bend, IN 46601
Telephone: (574) 233-1171

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *City of South Bend's Answer to Plaintiff's Third Amended Complaint* was served through email/ECF system and/or by United States Mail, first class postage prepaid, addressed to the following party this 15th day of April 2016:

Douglas M. Grimes
DOUGLAS M. GRIMES PC
6941 Ironwood Ave.
Gary, IN 46403

/s *Kyra E. Clark*